**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George GARIBAY, AKA Scooby,**
**Defendant-Appellant.**

**No. 16-50098**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted January 11,
2017 Pasadena, California

Filed January 24, 2017

Helen H. Hong, Fred Sheppard, Assistant U.S. Attorneys, Ajay Krishnamurthy, Office of the US Attorney, San Diego, CA, for Plaintiff–Appellee.

Michael L. Crowley, Attorney, Crowley Law Group, APC, San Diego, CA, for Defendant–Appellant.

Before: KOZINSKI and WATFORD, Circuit Judges, and BENNETT,* District Judge.

MEMORANDUM **

We reject George Garibay's contention that attempted murder under California law is not a "crime of violence" for the purposes of the Sentencing Guidelines' career offender provision. U.S.S.G. § 4B1.1 (2015). The commentary to the "crime of violence" definition in § 4B1.2 lists attempted murder among the enumerated offenses that qualify as crimes of violence.

The kill zone theory does not render attempted murder under California law broader than the generic form of the offense. The elements of both the California and the generic form of attempted murder include a specific intent to kill. *See Braxton v. United States*, 500 U.S. 344, 351 n.*, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991); *People v. Stone*, 46 Cal.4th 131, 92 Cal. Rptr.3d 362, 205 P.3d 272, 275 (2009); *cf. United States v. Albino–Loe*, 747 F.3d 1206, 1214 (9th Cir. 2014). The kill zone theory does not allow for an attempted murder conviction in the absence of that mental state requirement. Rather, it merely explains that when a defendant chooses a method of killing that creates a zone of fatal danger, the jury may infer that the defendant intended to kill an alleged victim in that zone. *Stone*, 92 Cal.Rptr.3d 362, 205

---

* The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

P.3d at 276–78. Garibay has failed to identify a single jurisdiction rejecting this inference or an application of California's kill zone theory that criminalized conduct as attempted murder that most jurisdictions would not.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.